

U.S. Department of Justice

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 27, 2019

Martin Murphy, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210

    Re:    United States v. Felicity Huffman

Dear Mr. Murphy:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Felicity Huffman ("Defendant"), agree as follows:

1. Change of Plea

No later than April 30, 2019, Defendant will waive Indictment and plead guilty to count one of the Information charging her with conspiracy to commit mail fraud and honest services mail fraud, in violation of Title 18, United States Code, Section 1349. Defendant admits that she committed the crime specified in that count and is in fact guilty of that crime. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information. Defendant does not contest the accuracy of the Information.

The U.S. Attorney agrees that, based upon the information known to the U.S. Attorney's Office at this time, no further criminal charges will be brought against the defendant in connection with the conduct set forth in the Information

2. Penalties

Defendant faces the following maximum penalties: incarceration for 20 years; supervised release for three years; a fine of $250,000, or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

3. <u>Sentencing Guidelines</u>

The United States Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 9:

    a) Defendant's base offense level is 7, because Defendant is pleading guilty to an offense of conviction that has a statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a)(1));

    b) Defendant's offense level is increased by 4, because the gain or loss from the offense of conviction is more than $15,000 but not more than $40,000 (USSG § 2B1.1(b)(1)(C)); and

    c) Defendant's offense level is decreased by 2, because Defendant has accepted responsibility for her crime (USSG §3E1.1(a)).

Defendant agrees that the base offense level is 7, but reserves the right to argue that her offense level should be increased by 2, pursuant to USSG § 2B1.1(b)(1)(B), not 4 as set forth above, because the loss or gain amount is more than $6,500 but not more than $15,000. This would result in a total offense level under the Guidelines of 7, after adjusting for acceptance of responsibility.

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw her guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in her sentence based on acceptance of responsibility if: (a) at sentencing, Defendant does not clearly accept responsibility for the crime she is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category are reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration at the low end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3;

    b) a fine or other financial penalty of $20,000;

    c) 12 months of supervised release;

    d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution in an amount to be determined by the Court at sentencing; and

    f) forfeiture as set forth in Paragraph 6.

5.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge her conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

Defendant understands that she has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) She will not challenge her <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) She will not challenge her <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, she is agreeing that her conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge her conviction and sentence, regardless of whether she later changes her mind or finds new information that would have led her not to agree to give up these rights in the first place.</u>

Defendant acknowledges that she is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyer rendered ineffective assistance of counsel, or that the prosecutor engaged in misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

6.    <u>Forfeiture</u>

3

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charge specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if she breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw her guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials she provided to the government during investigation or prosecution of her case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, she thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Eric S. Rosen.

Sincerely,

ANDREW E. LELLING
United States Attorney

By _____
STEPHEN E. FRANK
Chief, Securities and Financial Fraud Unit
JORDI DE LLANO
Deputy Chief, Securities and Financial Fraud Unit

_____
ERIC S. ROSEN
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Felicity Huffman
Defendant

Date: 4/4/19

I certify that Felicity Huffman has read this Agreement and that we have discussed what it means. I believe Felicity Huffman understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Martin Murphy, Esq.
Attorney for Defendant

Date: April 5, 2019

6